**Lawrence WATERS, by his next friend, Jerry Waters, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. PB 70-C-94.**

United States District Court, E. D. Arkansas, Pine Bluff Division.

July 14, 1971.

E. W. Brockman, Jr., Brockman, Brockman & Gunti, Pine Bluff, Ark., for plaintiff.

W. H. Dillahunty, U. S. Atty., Little Rock, Ark., for defendant.

MEMORANDUM OPINION

OREN HARRIS, District Judge.

This matter is before the Court on motion of the defendant, United States of America, to dismiss the complaint of the plaintiff on the basis that the injured party, Lawrence Waters, was an employee of the Pine Bluff Arsenal at the time of the alleged injury pursuant to Vocational Education Act of 1963, as amended, and as such employee, he has been awarded compensation by the Bureau of Employees Compensation. Furthermore, pursuant to the award, the

plaintiff has and is receiving compensation pursuant to the Federal Employees' Compensation Act, and such Act, with receipt of benefits thereunder, is the exclusive remedy available to the plaintiff for injury.

The plaintiff in response to the defendant's motion to dismiss contends that he was not an employee of the Pine Bluff Arsenal at the time of the alleged injury as defined by the Vocational Education Act of 1963, as amended. The plaintiff further contends that he is a minor and has never signed any acceptance for compensation benefits under the Bureau of Employees' Compensation Act, and has not elected to receive the payments as he is incapable of executing an election because of his minority, and thus he is not required to make an election because he was not an employee.

The plaintiff further contends that the Federal Employees' Compensation Act is not his exclusive remedy and relies as a complete defense to the defendant's motion to dismiss on the provisions of 20 U.S.C.A. § 1374, which provides:

> "*Status of participants.* Students employed in work-study programs under this subchapter shall not by reason of such employment be deemed employees of the United States, or their service Federal service, for any purpose."

The plaintiff, Lawrence Waters, by his next friend, Jerry Waters, brings this action under the provisions of 28 U.S.C.A. § 1346(b) and the Federal Tort Claims Act 28 U.S.C.A. §§ 2671, et seq.

Plaintiff has exhausted administrative remedies as required by 28 U.S.C.A. § 2675(a). He is a resident of Arkansas within the jurisdiction of this Court. It is alleged that on December 9, 1969, the plaintiff, Lawrence Waters, was injured while legally on the premises of the Pine Bluff Arsenal, Pine Bluff, Arkansas, due to the negligence and lack of care and maintenance by agents, employees and officials of the Pine Bluff Arsenal, an agency of the United States of America.

For the purposes of the motion to dismiss, it is unnecessary to give consideration to the extent of the plaintiff's injuries, or the allegations of negligence on the part of employees of the defendant, United States of America.

The plaintiff, Lawrence Waters, is a minor who was employed at the Pine Bluff Arsenal, a government installation, pursuant to a contract agreement between the Pine Bluff Arsenal and the Pine Bluff Public Schools, executed January 2, 1969, on behalf of the Arsenal, and January 6, 1969, on behalf of the Pine Bluff Schools. The program was initiated and authorized under the provisions of the Vocational Education Act of 1963.

During the course of his employment and while engaged in work on premises of the Arsenal, he received certain injuries. As a result of his injuries, he received medical treatment and hospitalization which were paid for pursuant to the Federal Employees' Compensation Act. In addition, the plaintiff has been awarded benefits pursuant to Section 40(b) (4) of the Federal Employees' Compensation Act, as amended. The defendant contends that under the record in this proceeding, the provisions of the Federal Employees' Compensation Act bars recovery under Federal Tort Claims Act, 5 U.S.C.A. § 8116(c).[1]

---

1. 5 U.S.C.A. § 8116(c):

"The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel."

In a letter addressed to the plaintiff, dated January 21, 1970, the Bureau of Employees' Compensation advised that as a result of an injury he received December 9, 1969, he would receive compensation in the amounts stated each week until otherwise notified. The first payment covering the period of 12–9–69 to 1–12–71 was mailed by the Treasury Department with subsequent checks each four weeks at the regular rate established for his injury.

In support of the government's motion to dismiss, the United States Attorney filed an affidavit of John M. Ekeberg, Director, Bureau of Employees' Compensation, to which there was no objection, which establishes (1) the records of the Bureau of Employees' Compensation show that Lawrence Waters was a civilian employee of the United States Army at the Pine Bluff Arsenal, Pine Bluff, Arkansas, on December 9, 1969; (2) on December 9, 1969, Lawrence Waters sustained a personal injury, which injury the Bureau of Employees' Compensation determined was sustained in the course of his employment, and (3) from December 9, 1969, to January 12, 1971, the Bureau of Employees' Compensation has paid to or on behalf of Lawrence Waters medical expenses totaling $5,532.95 and disability compensation totaling $644.46. Disability compensation is continuing at the rate of $45 each four weeks.

The primary question is whether the plaintiff's exclusive remedy is under the provisions of the Federal Employees' Compensation Act, 5 U.S.C.A. § 8101, et seq.

In analyzing the record, the plaintiff's contention that he was not an employee of the Pine Bluff Arsenal at the time of the alleged injury as defined by the Vocational Education Act of 1963, as amended, and reliance on the provision of 20 U.S.C.A. § 1374 is not well taken. The construction placed on the section that the student employed in work-study program shall not by reason of such employment be deemed an employee of the United States or in the federal service, is misplaced in this instance.

While there are no cited cases on the specific question, and the Court does not know of any, a rational construction under the Legislative History makes it quite clear the Congress had in mind that by reason of employment under the Vocational Educational work-study program, the student working under a training program would not necessarily be an employee of the United States. As an example under the program, had the local educational agency contracted for his employment with a private business the student could not have been deemed an employee of the United States. Otherwise, he would have become an employee of the United States by reason of such employment.[2]

2. The Legislative History shows that the Congress adopted an extensive Vocational Educational program in 1963, P.L. 88–210, to include various programs of assistance in critical areas of education as a result of World War II and other emergencies since the conflict ended. The House Bill, H.R. 4955, was passed first. Subsequently the Senate's version of the House Bill was passed with accompanying Senate Report No. 553, October 1, 1963. The Senate Bill included a five-year program to enable local educational agencies with federal funds to provide part-time employment to students attending Vocational Educational courses. The House Bill contained no comparable provision. The conference between the House and

Senate adopted the Senate's provision for four fiscal years starting with fiscal year 1965. There was a purpose for including that the student employed in the work-study program under the supervision of the local educational institution should not by reason of such employment be deemed a federal employee. Sec. 16 of Part A of the Bill made it clear that no agency or department of the United States was to exercise any direction, supervision or control over the curriculum, program of instruction, administrative or personnel of any educational institution or school system.

With the expiration of the four-year program under the 1963 Act, the Congress extended the program in 1968,

However, the Congress placed no restriction on the local educational agency or institution of entering into a contract for the employment of students under the student work-study educational program whether it be with a private business, individual, or federal government. If the contract in accordance with the congressional intent was with a private business, the student employee was to be considered as an employee of that private business. If the contract, as in this case, was with an agency or department of the federal government, the student-employee would be considered a federal employee, not by reason of the study-work program, but by reason of the contract with the Pine Bluff Public Schools for employment with the Pine Bluff Arsenal, an instrumentality wholly owned by the United States.[3]

Neither is the contention of the plaintiff that he was not an employee subject to the provisions of the Federal Employees' Compensation Act by reason of the fact that he was a minor. The reference by the plaintiff to the provisions of the Act applicable to a student is inapposite.

The Court concludes that the plaintiff was within the meaning of the Federal Employees Compensation Act at the time of the injury a civilian employee of the United States. The Court further concludes, that he was on duty at the time of his injury and subsequently received medical treatment and hospitalization furnished by the United States and received compensation under the Federal Employees' Compensation Act over a substantial period of time.

The Court is of the opinion that under the facts disclosed in this case and the record that the plaintiff is foreclosed from recovery under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2671, et seq. Patterson v. United

States, 359 U.S. 495, 79 S.Ct. 936, 3 L. Ed.2d 971; Vantrease v. United States, 6 Cir., 400 F.2d 853 (1968); Sanders v. United States, 5 Cir., 387 F.2d 142; Cobia v. United States, 10 Cir., 384 F.2d 711, cert. den. 390 U.S. 986, 88 S.Ct. 1182, 19 L.Ed. 1290.

It follows that the motion of the government to dismiss the complaint of the plaintiff will be granted and an order will be entered dismissing the plaintiff's complaint.

This opinion includes the findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

---

P.L. 90-576, without modification of this particular program.

3. 5 U.S.C.A. § 8101. Definitions
For the purpose of this subchapter—
   (1) "employee" means—

(A) a civil officer or employee in any branch of the Government of the United States, including an officer or employee of an instrumentality wholly owned by the United States; * * *."