**Lawrence WATERS by His Next Friend, Jerry Waters, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 71–1460.**

United States Court of Appeals, Eighth Circuit.

March 27, 1972.

E. W. Brockman, Brockman, Brockman & Gunti, Pine Bluff, Ark., for plaintiff-appellant.

Michael H. Stein, Atty., Dept. of Justice, Civ. Div., Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., W. H. Dillahunty, U. S. Atty., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BREITENSTEIN,* BRIGHT, and STEPHENSON, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellant brought suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2674, to recover for personal injuries. The district court held that the remedy under the Federal Employees' Compensation Act, 5 U.S.C. § 8101 et seq., was exclusive and dismissed the action, 328 F.Supp. 812.

The accident occurred at the Pine Bluff Arsenal, a federal installation in Arkansas. Plaintiff was 16 years old and allegedly was partially mentally retarded. He attended the Pine Bluff public schools which had a contract with the Arsenal for employment of vocational students on off-campus projects under the Vocational Education Act of 1963, 20 U.S.C. § 1241 et seq. He was employed at the Arsenal under this contract.

* Of the Tenth Circuit, sitting by designation.

■ Plaintiff contends that by the terms of the Vocational Education Act he was not a federal employee, was not entitled to payments under the Compensation Act, and, accordingly, can sue under the Tort Claims Act.

■ His arguments merit only passing consideration. He relies on that portion of 20 U.S.C. § 1374 which provides that students in work-study programs "shall not by reason of such employment be deemed employees of the United States." The statute contemplates that the work-study programs would encompass both federal and non-federal agencies. See U.S.Cong. & Admin.News, 1963, pp. 1312–1313. We believe that the purpose of the quoted provision was to assure that one working on a non-federal project should not be considered a federal employee. Plaintiff's status is determined by the services which he rendered at the Arsenal. The question is not whether he was a "student" or "student employee," see 5 U.S.C. §§ 5351, 8101(17) and 8144, but whether he was an employee. See 5 U.S.C. § 8101(1).

■ Under the contract between the schools and the Arsenal, 25% of plaintiff's wages were paid by the Arsenal and 75% from funds appropriated under the Vocational Education Act. Plaintiff argues that the Compensation Act applies to only 25% of the recovery and that he should be permitted to receive the other 75% under the Tort Claims Act. The United States does not become two different employers because the wages are paid from different funds. The Compensation Act, see 5 U.S.C. § 8116(c), provides that it is the exclusive remedy for injured employees and makes no distinction dependent on the source of funds for payment of wages. The suggestion that he was a part-time employee carries no weight. The Compensation Act does not purport to cover only full-time employees.

For the purposes of the Compensation Act, the term "employee" includes a civil employee "in any branch of the Government of the United States, including * * * an instrumentality wholly owned by the United States," 5 U.S.C. § 8101(1) (A), and one rendering service to the United States "similar to the service of a civil officer or employee of the United States, without pay or for nominal pay, when a statute authorizes the acceptance or use of the service, * * *." Ibid. sub. (B). Plaintiff performed janitorial and like services at the Arsenal. He was awarded and has received compensation benefits.

■ The Compensation Act provides that the action of the Secretary or his designee in awarding or denying compensation payment is "final and conclusive for all purposes and with respect to all questions of law and fact," see 5 U.S.C. § 8128(b) (1), and is "not subject to review * * * by a court by mandamus or otherwise." Ibid. sub. (2). Accordingly, the award is conclusive and not subject to court review. Cobia v. United States, 10 Cir., 384 F.2d 711, 712, cert. denied, 390 U.S. 986, 88 S.Ct. 1182, 19 L.Ed.2d 1290; Soderman v. United States Civil Service Commission, 9 Cir., 313 F.2d 694, 695 and cases there cited, cert. denied, 372 U.S. 968, 83 S.Ct. 1089, 10 L.Ed.2d 131. Other statutes have been held to bar court review even though the administrative determination included questions of law. See Metallurgical, Inc. v. Renegotiation Board, 8 Cir., 382 F.2d 843, 844–845; see also Brotherhood of Railway & Steamship Clerks, etc. v. Association for Benefit of Noncontract Employees, 380 U.S. 650, 659, 85 S.Ct. 1192, 14 L.Ed.2d 133, and Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 303, 64 S.Ct. 95, 88 L.Ed. 61. The remedy under the Compensation Act is exclusive. 5 U.S.C. § 8116(c); see also Johansen v. United States, 343 U.S. 427, 438–440, 72 S.Ct. 849, 96 L.Ed. 1051. It follows that the Tort Claims action may not be maintained.

Affirmed.