Gene M. HAMBY, Jr., and Robert M. Baker, a partnership doing business as Hamby & Baker, Attorneys, Plaintiffs,

v.

Ruben L. HOLCOMBE, an indispensable party,

v.

UNITED STATES DEPARTMENT OF LABOR, United States of America; William Brock, as Secretary of Labor, United States of America, Defendants.

Gene M. HAMBY, Jr., and Robert M. Baker, a partnership doing business as Hamby & Baker, Attorneys, Plaintiffs,

v.

Edward J. JANER, an indispensable party,

v.

UNITED STATES DEPARTMENT OF LABOR, United States of America; William Brock, as Secretary of Labor, United States of America, Defendants.

Nos. CV 85–HM–5636–NW, CV 86–HM–5032–NW.

United States District Court,
N.D. Alabama,
Northwestern Division.

Feb. 27, 1986.

Robert M. Baker, Hamby & Baker, Sheffield, Ala., for plaintiffs.

George C. Batcheler, Asst. U.S. Atty., Birmingham, Ala., George R. Salem, Bobbye D. Spears, U.S. Dept. Labor, George D. Palmer and Cynthia D. Welch, Washington, D.C., for defendants.

MEMORANDUM OF DECISION

HALTOM, District Judge.

Plaintiffs Gene M. Hamby, Jr. and Robert M. Baker, a partnership doing business as Hamby & Baker, Attorneys ("Hamby &

Baker") in CV 86–HM–5032–NW (former CV 86–AR–5032–NW) have moved that CV 86–HM–5032–NW be consolidated with CV 85–HM–5636–NW on the ground that such actions involve the same legal issues and same plaintiffs.

■ Upon consideration, the Court concludes that CV 85–HM–5636–NW and CV 86–HM–5032–NW most assuredly have one thing in common and that is the Court has no subject matter jurisdiction of either case. The 12(b)(1), Fed.R.Civ.P. *Motion To Dismiss* filed by defendant William E. Brock, Secretary of Labor, United States Department of Labor, in CV 85–HM–5636–NW on December 26, 1985 raises the subject matter jurisdiction issue. Movant has also submitted memorandum brief in support thereof. The Court sua sponte raises and considers the subject matter jurisdiction issue in CV 86–HM–5032–NW which was filed in this Court on January 23, 1986 since a federal court has not only the power but also the obligation at any time to inquire into jurisdiction whenever possibility that jurisdiction does not exist arises. *Fitzgerald v. Seaboard System R.R., Inc.,* 760 F.2d 1249 (11th Cir.1985).

■ Both complaints in the above entitled civil actions seek judicial review of the Secretary of Labor's decision on an award of attorney's fees under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101, *et seq.* In particular each case seeks judicial review of an award of attorney's fees made to the plaintiff attorneys under 5 U.S.C. § 8127(b)[1] for representing a FECA claimant as that term is defined in 5 U.S.C. § 8127(a).[2] The law

firm of Hamby & Baker in each case allege that the [defendants] failed and refused to approve a reasonable and adequate attorney's fees for legal services rendered by the firm to each identified FECA claimant who is made a party defendant in the "guise" of being indispensable party. The relief sought by Hamby & Baker is a judicial declaration in each case that the legal fees approved for them by the Secretary of Labor are inadequate and unreasonable and that the Court thereupon set and establish a reasonable and adequate attorney's fee. Plaintiff attorneys predicate jurisdiction in each above entitled case under 5 U.S.C. §§ 702 and 703[3] (Administrative Procedure Act).

■ 5 U.S.C. § 702 provides:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided,* That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, per-

---

1. § 8127(b) provides: "A claim for legal or other services furnished in respect to a case, claim, or award for compensation under this subchapter is valid only if approved by the Secretary."

2. § 8127(a) provides: "A claimant may authorize an individual to represent him in any proceeding under this subchapter before the Secretary of Labor."

3. 5 U.S.C. § 703 [Form and venue of proceeding] provides in pertinent part: "If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its offi-

cial title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement." This section does not of itself establish jurisdiction of the federal courts over an action not otherwise cognizable by them. *Kansas City Power & Light Co. v. McKay,* 225 F.2d 924 (1955), 96 U.S.App.D.C. 273, 225 F.2d 924, *cert. denied,* 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780.

sonally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

Section 702 clearly states that an action is not reviewable if review is precluded by another federal statute. Review in the instant cases is precluded by the provisions of 5 U.S.C. § 8127(b) which states that: "[a] claim for legal or other services furnished in respect to a case, claim, or award of compensation under this subchapter is valid only if approved by the Secretary." The award of an attorney's fee in an FECA claim is a discretionary function specifically delegated to the Secretary of Labor. His exercise of discretion is not reviewable by any court. This holding is mandated not only by the wording of § 8127 but also by the provisions of 5 U.S.C. § 8128 and the legislative history of the Act. Section 8128(b) states in pertinent part:

> (b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

This provision expressly precludes judicial review of actions taken by the Secretary or his designee under the Act. It has been uniformly enforced by the courts. *Waters v. United States,* 458 F.2d 20 (8th Cir. 1972);[4] *Soderman v. United States Civil Service Commission,* 313 F.2d 694 (9th Cir.1962), *cert. denied,* 372 U.S. 968, 83 S.Ct. 1089, 10 L.Ed.2d 131 (1963); *Cobia v. United States,* 384 F.2d 711, 712 (10th Cir. 1967), *cert. denied,* 390 U.S. 986, 88 S.Ct. 1182, 23 L.Ed.2d 1290; see also *Johansen v. United States,* 343 U.S 427, 434–40, 72 S.Ct. 849, 854–57, 96 L.Ed. 1051 (1952). The Act was amended in 1949 to provide for, among other things, the fixing of attorney's fees in order to protect claimants from excessive fees. S.Rep. No. 729, 81st Cong., 1st Sess., U.S.Code Cong.Ser. 2125, 2138 (1949). The 1949 amendments were intended to increase the benefits to employees while saving the government the expense of defending against claims under various acts. S.Rep. No. 729, *supra,* at 2143. Hamby & Baker's actions in this United States District Court seeking review of the Secretary's award of attorney's fees is but an example of the needless expense which Congress intended to avoid by legislating that the actions of the Secretary are final.

Much has been said and written in recent years deploring the disturbing trend toward trivializing the federal courts. These two cases are a classic illustration of the continuing efforts by some to further burden the overburdened federal trial courts with cases of little worth or importance.

For the foregoing reasons, both actions will be dismissed by separate order for lack of subject matter jurisdiction.

---

4. In *Waters* the Eighth Circuit Court of Appeals held that a 16 year-old student who was working part time for an arsenal pursuant to a contract between public schools and the arsenal, which paid 25% of the student's wages with the remaining 75% coming from funds appropriated under the Vocational Education Act, was a federal employee whose sole remedy for injuries sustained during his course of employment at the Arsenal was the Federal Employees' Compensation Act. Said the Court (458 F.2d at 22): "The Compensation Act provides that the action of the Secretary or his designee in awarding or denying compensation payments is 'final and conclusive for all purposes and with respect to all questions of law and fact,' see 5 U.S.C. § 8128(b)(1), and is 'not subject to review ... by a court by mandamus or otherwise.' Ibid. sub. (2). Accordingly, the award is conclusive and not subject to court review (citations omitted)."