Gene M. HAMBY, Jr. and Robert M. Baker, a partnership doing business as Hamby & Baker, Attorneys, Plaintiffs-Appellants,

v.

Edward J. JANER, an indispensable party; United States Department of Labor, United States of America, William Brock, as Secretary of Labor, Defendants-Appellees.

Gene M. HAMBY, Jr. and Robert M. Baker, a partnership d/b/a Hamby & Baker, Attorneys, Plaintiffs-Appellants,

v.

Ruben L. HOLCOMBE, an
indispensable party,
Plaintiff,

United States Department of Labor, United States of America; William Brock, as Secretary of Labor, United States of America, Defendants-Appellees.

Nos. 86–7222, 86–7227
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 2, 1987.

Gene M. Hamby, Jr., Hamby & Baker, Sheffield, Ala., pro se.

Frank W. Donaldson, U.S. Atty., George C. Batcheler, Birmingham, Ala., for defendants-appellees.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

The plaintiffs appeal from the judgment of the district court dismissing their actions for lack of subject matter jurisdiction.[1] The district court found, 630 F.Supp. 199, and we agree, that the federal statute at issue expressly precludes judicial review of the administrative decisions challenged in these lawsuits. Therefore, we affirm the decision of the district court.

1. Although these actions were not consolidated for purposes of appeal, the cases turn on an identical legal issue. Thus, this opinion resolves both cases.

The appellants, Gene M. Hamby, Jr. and Robert M. Baker, a partnership doing business as Hamby & Baker, Attorneys, represented two claimants, named as defendants in these lawsuits, during proceedings before the Secretary of Labor under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101, *et seq.* While § 8127(a) of FECA expressly authorizes a claimant to appoint a representative,[2] the regulations provide that any resulting attorneys' fees may not be paid by the Secretary.[3] Thus, the claimant bears the expense of legal representation. In an effort to protect claimants against excessive demands for legal fees, Congress promulgated § 8127(b) which provides that: "[a] claim for legal or other services furnished in respect to a case, claim or award for compensation under the subchapter is valid only if approved by the Secretary." Hamby and Baker seek a judicial declaration from the district court that the award approved for them by the Secretary of Labor under § 8127(b) is inadequate and unreasonable; therefore, the attorneys ask that the court set a proper award of attorneys' fees.

◼ The appellants predicate jurisdiction for these actions upon 5 U.S.C. §§ 702 and 703[4] (Administrative Procedure Act). Section 702 provides in relevant part:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.... Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

The Supreme Court has held that to preclude judicial review under § 702, a statute, if not specific in withholding such review, must upon its face give clear and convincing evidence of an attempt to withhold it. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

◼ We hold that judicial review of the Secretary's decision regarding attorney's fees under FECA is precluded in clear and unmistakable terms by § 8128(b) of that Act. This statute, immediately following the attorneys' fees provision, states:

The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and

(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

The clear import of this statute mandates our conclusion that the federal courts have no jurisdiction to review the Secretary's decision. Since a claim for attorneys' fees has no validity until approval by the Secretary, this procedure is, without question, the allowing of a payment under FECA. If an attorney claims an exorbitant amount

---

**2.** Section 8127(a) provides that "[a] claimant may authorize an individual to represent him in any proceeding under this subchapter before the Secretary of Labor."

**3.** 20 C.F.R. § 10.145(f) states:
The Office will not pay or assist in the collection of any representative fee. Neither will compensation payments be routinely forwarded to the representative with or without the claimant's approval.

**4.** 5 U.S.C. § 703 [Form and venue of proceedings] provides in pertinent part:
If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.
This section does not of itself establish jurisdiction of the federal courts over an action not otherwise cognizable by them. *Kansas City Power & Light Co. v. McKay*, 225 F.2d 924 (D.C. Cir.), *cert. denied,* 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780 (1955).

for his services, the Secretary in effect denies the unreasonable portion of his claim for payment by approving only a just amount.[5]

Moreover, the regulations promulgated under FECA evidence an unmistakable congressional intent to foreclose judicial review of the Secretary's award of attorneys' fees. The regulations provide that "[a] representative aggrieved or adversely affected by an award of a fee" may appeal to the Employees' Compensation Appeals Board. 20 C.F.R. § 10.145(g) (1986). The decisions of this Board are final. 20 C.F.R. § 501.6(c) (1986).[6] Hence, disgruntled attorneys are relegated to an administrative appeals procedure and may not seek judicial review of the Secretary's decision in federal court.[7]

The legislative history of FECA further buttresses our conclusion. Designed as a federal workmen's compensation program, FECA was intended to increase benefits to federal employees while saving the government the expense of defending claims under various other acts. S.Rep. No. 836, 81st Cong., 1st Sess. 30, *reprinted in* 1949 U.S.Code Cong. & Admin.News 2125, 2143. The appellants' attempt to bring this administrative matter into federal court directly contradicts the legislative purpose behind FECA. For all the foregoing reasons, subject matter jurisdiction does not exist in the above-styled actions. Therefore, the judgment of the district court is

AFFIRMED.

5. 20 C.F.R. § 10.145(b) provides a list of factors to be considered by the Secretary in his determination:
> The fee approved by the Office will be determined on the basis of the actual necessary work performed and will generally include but are not limited to the following factors:
> (1) Usefulness of the representative's services to the claimant.
> (2) The nature and complexity of the claim.
> (3) The actual time spent on development and presentation of the claim.
> (4) The amount of compensation accrued and potential future payments.
> (5) Customary local charges for similar services.

> (6) Professional qualifications of the representative.

6. This section states that "[t]he decision of the Board shall be final as to the subject matter appealed and such decision shall not be subject to review except by the Board."

7. We note that there is no indication in the record that Hamby and Baker have exhausted their administrative remedies by appealing this decision to the Board. Thus, judicial review might be improper at this juncture even if not expressly precluded by the statute. *Lewis v. Reagan*, 660 F.2d 124 (5th Cir.1981).