[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/22/99
THOMAS K. KAHN
CLERK

No. 98-5797

D. C. Docket No. 98-1907-CV-SH

JOHN C. MATTES, individually, and as trustee
and personal representative of the Lost Army
Commandos,

Plaintiff-Appellee,

versus

CHAIRMAN VIETNAMESE COMMANDOS COMPENSATION
COMMISSION, Carl F. Witschonke, ACTING ASSISTANT
SECRETARY OF DEFENSE, Francis M. Rush, Jr.,
UNITED STATES OF AMERICA,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Florida

**(April 22, 1999)**

Before MARCUS, Circuit Judge, HILL, Senior Circuit Judge, and ADAMS*, District Judge.

_____
*Honorable Henry Lee Adams, Jr., U.S. District Judge for the Middle District of Florida, sitting by
designation.

PER CURIAM:

The Commandos Compensation Act (Act), Pub. L. No. 104-201 § 657, 110 Stat. 2422, 2584 (1996)[1], was enacted by Congress as a special compensation program for certain Vietnamese nationals (commandos) and their survivors.[2] Although § 657 (I)[3] of the Act limits attorneys' fees to ten percent (10%), and § 657 (f)[4] of the Act directs that the government[5] disburse compensation payments directly to the commando, appellee John C. Mattes brought this action for

---

[1] The Commandos Compensation Act titled "Payments to Certain Persons Captured or Interned by North Vietnam" was included as part of the National Defense Authorization Act for Fiscal Year 1997, Pub.L. No. 104-201 § 657, 110 Stat. 2422, 2584 (1996). Twenty million dollars ($20,000,000) was appropriated for funding. Section 657(g). Depending upon the length of confinement or incarceration served by a commando [under operations conducted under military projects OPLAN 34A (or its predecessor) and OPLAN 35], section 657(c) authorized payments of $40,000 to $50,000. If a commando was deceased, the Act authorized payments to the surviving spouse or children. Section 657(b). The Act delegated the responsibility of establishing a claims protocol to the Secretary of Defense. Section 657(e). Thereafter, the Department of Defense (DOD) published the claims processing procedures, 32 C.F.R. § 270.1. *et. seq.,* and established the Vietnamese Commando Compensation Commission (VCCC) to process claims and handle payments to approved individuals. *Id.*

[2] Commandos were hired by the United States between 1959 to 1968 to conduct covert operations deep inside North Vietnam. Until the Act was passed, the United States had refused to acknowledge the role that the commandos played in the Vietnam War.

[3] Section 657(I) of the Act titled "ATTORNEY FEES," reads in full: "Notwithstanding any contract, the representative of a person may not receive, for services rendered in connection with the claim of, or with respect to, a person under this section, more than 10 percent of a payment made under this section on that claim." Pub.L. No. 104-201 § 657(I).

[4] Section 657 (f), as amended, of the Act titled: "LIMITATION ON DISBURSEMENT," reads: "Notwithstanding any agreement (including a power of attorney) to the contrary, the actual disbursement of a payment under this section may be made only to the person who is eligible for the payment . . . ." Pub.L. No. 104-201 § 657(f)(as amended in 1998).

[5] The complaint styled defendants as Carl F. Witschonke, Chairman of the Vietnamese Commandos Compensation Commission or VCCC; Francis M. Rush, Jr., Acting Assistant Secretary of Defense; and the United States of America.

2

declaratory judgment and writ of mandamus to recover a twenty-three percent

(23%) attorneys' fee, to be paid directly to him and not to his clients.[6]  The district

court granted the relief sought by Mattes.

Asserting that the district court erred by failing to disabuse itself of subject

matter jurisdiction under § 657(j), the government appeals.  Section 657(j) of the

Act reads:

> (j)    NO RIGHT TO JUDICIAL REVIEW. - - All determinations
> by the Secretary of Defense pursuant to this section are final and
> conclusive, notwithstanding any other provision of law.  *Claimants
> under this section have no right to judicial review, and such review is
> specifically precluded.*

Pub.L. No. 104-201§ 657(j) (emphasis added).  The government contends that the

statute expressly provides that there will be no judicial review of any Department

of Defense (DOD) determination under the Act and that § 657(j) plainly bars

judicial review in this case.  Arguing that he is not a "claimant" under the statute,

Mattes contends that § 657(j) applies only to a DOD substantive determination

relating to a commando's eligibility for compensation and not to administrative

details such as where the checks are to be mailed, etc.

---

[6] The DOD suspended payments under the Act after it began receiving complaints, in early 1998, that Mattes was collecting attorney fees in excess of the statutory ceiling.

3

Any statutory interpretation of the Commandos Compensation Act is a question of law that we review de novo. *Ala. v. Dep't of the Interior,* 84 F.3d 410, 412 n.2 (11th Cir. 1996). "Congress may be free to establish a compensation scheme that operates without court participation." *Gutierrez v. Lamagno,* 515 U.S. 417, 430 (1995)(citing 21 U.S.C. § 904 which authorizes executive settlement of tort claims that arise in a foreign country in connection with DEA operations abroad). This includes administrative decisions in implementing the compensation scheme. *See, e.g., Walters v. Nat'l Ass'n of Radiation Survivors,* 473 U.S. 305, 307 (1985)(statute precludes judicial review of Veterans' Administration administrative decisions as to service-connected death or disability benefits to veterans); *Rhodes v. United States,* 760 F.2d 1180 (11th Cir. 1985)(no judicial review of administrative decisions by the Secretary of the Army under the National Guard Claims Act); *Hamby v. Janer,* 808 F.2d 1433, 1434 (11th Cir. 1987)(judicial review of the Secretary of Labor's decision regarding attorneys' fees under the Federal Employees' Compensation Act is precluded in clear and unmistakable terms).

First, we find no merit to Mattes' contention that he is not a "claimant" for purposes of the Commandos Compensation Act. He claims to have a legal right to receive directly the commandos' checks; to extract his fee in a manner that the

Secretary of Defense has determined would frustrate the Congressional limitation on attorneys' fees; and to account to the commandos for the net proceeds. One claiming such a right to participate in the distribution of funds under the Act can be described only as a "claimant" under § 657(j) of the Act. Second, the clear import of the Act mandates our conclusion that the federal courts have no jurisdiction to review the Secretary of Defense's decisions. *See Hamby,* 808 F.2d at 1434.

Under a *de novo* review, we conclude that we have no subject matter jurisdiction of this appeal and that the district court erred in exercising jurisdiction, as § 657(j) clearly and specifically proscribes judicial review. This appeal is DISMISSED and the case is REMANDED to the district court with INSTRUCTIONS TO DISMISS the entire case and all orders entered in it.

DISMISSED and REMANDED with INSTRUCTIONS.