Marcus F. GILL, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 79–3174.

United States Court of Appeals, Fifth Circuit. Unit A

Feb. 17, 1981.

Ronald R. Glancz, Frederic D. Cohen, John F. Cordes, Appellate Staff, Civil Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellant.

Nicholas H. Patton, Texarkana, Ark., for plaintiff-appellee.

Before WISDOM, POLITZ and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

The government appeals from a judgment for the plaintiff, Marcus Gill, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680 (1976), contending that the plaintiff's exclusive remedy is the award made to him under the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101–8193 (1976). We agree; we reverse.

The plaintiff, Gill, was employed by the Federal Aviation Administration as an air traffic controller at Texarkana, Texas. On August 19, 1976, Gill participated in a voluntary inoculation program administered by the FAA's regional flight surgeon. He indicated that he desired to receive a shot only for diphtheria and tetanus. Through oversight, however, the surgeon gave Gill an influenza inoculation. Gill suffered a severe physical reaction to the shot and had to be hospitalized. He remained off the job for two months. Even then he had not fully recovered; he continued to take time off throughout much of the following year.

Gill twice applied for FECA benefits, first on August 20, 1976, and again on April 29, 1977. The parties differ sharply in their characterizations of the actions taken on the first application by the Office of Workers' Compensation Programs (OWCP)— whether favorable or unfavorable to Gill. It appears, however, that on March 28, 1977 the OWCP acted favorably on Gill's request for restoration of sick leave. The OWCP also granted his second application on May 11, 1977 and awarded him disability pay for all of his injury-related time off not otherwise compensated. Gill, however, returned the award checks and notified the government that he was electing to claim his remedy under the FTCA in lieu of his FECA benefits. After properly presenting and exhausting an administrative claim, he filed this suit. The district court, trying the case without a jury, entered a verdict for Gill for $700,000.

**197**

The program FECA establishes is similar in structure and policy to state workers' compensation programs. The heart of the system is an implicit bargain: employees are granted surer and more immediate relief in return for foregoing more expensive awards outside the system. *E. g., United States v. Demko*, 1966, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258. Accordingly, section 8116(c) provides that FECA is the exclusive remedy against the United States for an injury within its coverage. We have held that district courts may not entertain FTCA suits if there is even a "substantial question" as to whether the plaintiff's injury occurred in the performance of his federal employment. *Avasthi v. United States*, 5 Cir. 1979, 608 F.2d 1059; *Concordia v. United States Postal Service*, 5 Cir. 1978, 581 F.2d 439; *Bailey v. United States*, 5 Cir. 1971, 451 F.2d 963. Here, the Secretary of Labor, by granting Gill FECA benefits, has determined that he is within the coverage of FECA. Under section 8128(b) of the Act, that determination is expressly made unreviewable by this or any other court. Hence, the government urges, that FECA award absolutely bars Gill's tort action.

The district court's answer to this is that the FECA award was a cynical sham. The court found that "prior to March 21, 1977 [sic], the claim of Plaintiff Gill was denied by the Office of Worker's [sic] Compensation, both specifically and by virtue of not paying any compensation benefits." As the district court saw it, the government belatedly decided to award FECA benefits only when faced with much greater liability on an FTCA suit. The government attacks this finding as a gross distortion of the administrative record. On the contrary, the government asserts, the OWCP has never denied that Gill's injury is work-related for purposes of FECA, nor has it ever denied or delayed any grant or adjustment to which Gill is entitled under that Act.

We need not sort out the truth of the matter, however, for even if the district court's version is correct, Gill's FTCA action is barred. It is irrelevant that Gill's claim was denied "prior to March 21, 1977"; the crucial point for our purposes is that it was ultimately granted. Section 8128(a) of FECA expressly permits the Secretary of Labor to review and reverse his own award decision. The district court's impeachment of the Secretary's motive in doing so is nothing more than a backstairs attempt to subject the Gill award to judicial review, in direct contravention of section 8128(b). The courts are bound, therefore, by the Secretary's conclusion that Gill's injury falls within the coverage of FECA. It follows, under section 8116(c), that Gill is barred from bringing any suit against the United States or its instrumentalities for that injury. *Waters v. United States*, 8 Cir. 1972, 458 F.2d 20.

The district court's judgment is RE-VERSED.