**Alicia M. GRIJALVA and Amanda Erica Grijalva, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 85–1406.**

United States Court of Appeals, Fifth Circuit.

Jan. 29, 1986.

Ronald P. McCluskey, El Paso, Tex., for plaintiffs-appellants.

Helen M. Eversberg, U.S. Atty., Thomas J. McHugh, Asst. U.S. Atty., El Paso, Tex., for defendant-appellee.

Before ALVIN B. RUBIN, JOHNSON, and EDITH HOLLAN JONES, Circuit Judges.

## OPINION

ALVIN B. RUBIN, Circuit Judge:

A Government employee who sought and obtained benefits under the Federal Employee's Compensation Act now contends that she was not covered by the Compensation Act and seeks to recover in tort from the United States under the Federal Tort Claims Act. We affirm the district court judgment holding that her tort claim is barred by the Secretary of Labor's decision that she was entitled to benefits under the Compensation Act. Unless the Secretary's decision is set aside by direct attack, this determination precludes Grijalva's suit under the Tort Claims Act.

Alicia M. Grijalva, a civilian employee of the U.S. Army, suffered injuries when the vehicle she was driving home from work collided with a U.S. Army vehicle, which had failed to stop at a stop sign, on the U.S. Army Military Reservation at White Sands Missile Range, New Mexico. On the day after the accident, Grijalva's supervisor filed a notice of injury with the Department of Labor. Subsequently, Grijalva herself filed a claim for compensation. The Secretary of Labor determined that Grijalva had been injured in the course of her employment, and the Office of Workers' Compensation has paid her thus far $32,254.20 in disability compensation, $11,706.90 in reimbursement of her medical expenses, and $2,244 in continuation of salary during her disability.

Having exhausted the administrative procedures of the Federal Tort Claims Act, Grijalva and her daughter filed suit in federal district court seeking damages under the Tort Claims Act.[1] The district court rendered summary judgment against Grijalva, holding that, by granting workers' compensation benefits under the Compensation Act,[2] the Secretary of Labor had determined that the Compensation Act cov-

---

1. 28 U.S.C. § 1346(b).

2. 5 U.S.C. §§ 8101–8151.

ered Grijalva's injuries; the Compensation Act barred review of the Secretary's determinations; and recovery under the Compensation Act barred subsequent claims against the Government under the Tort Claims Act.

▪ The Compensation Act provides, "The liability of the United States ... under this subchapter ... is exclusive and instead of all other liability of the United States...."[3] The Secretary's award of compensation benefits bars Grijalva from bringing any suit against the United States for that injury.[4]

In effect, Grijalva contests her right to recover under the Compensation Act. She argues that, because she was on her way home when the accident occurred, she was not "injured in the performance" of her federal employment and is therefore not covered by the Compensation Act. Grijalva buttresses this legal position by contending that her supervisor submitted erroneous information to the Secretary, that she did not initially apply for benefits (although she later did), and that the accident affected her mental capacity and made her incapable of submitting an informed and voluntary application for benefits.

▪ The fact remains that the Secretary awarded Grijalva benefits under the Compensation Act, and Grijalva accepted them. Under the Act, the Secretary's determination is "final and conclusive for all purposes and with respect to all questions of law and fact ... and not subject to review ... by a court by mandamus or otherwise."[5] Accordingly, Grijalva cannot now collaterally attack the Secretary's determination of coverage in this Tort Claims Act suit.[6] Regardless of her mental capacity at the time she sought compensation benefits, she did so. The Act provides that, if she now wishes to attack her eligibility for or receipt of workers' compensation or her mental capacity to seek and accept those benefits, she must request review by the Secretary.[7] The attack on the Secretary's award as violating her due process rights because of her off-duty status at the time of injury and her alleged lack of mental capacity must follow the same path. If the Secretary decides that benefits should not have been paid, he may terminate any continuing compensation and seek recovery of payments previously made.[8]

▪ Grijalva's daughter seeks damages against the Government for loss of Grijalva's support and services on the basis that the Federal Tort Claims Act makes the United States liable in tort in the same manner as a private individual.[9] The Compensation Act provides that the Government's liability under the Act "with respect to the injury ... of an employee is exclusive and instead of all other liability to ... the employee, his ... dependents, ... and any other person otherwise entitled to recover damages from the United States.[10] As explained by the Sixth Circuit in *Woerth v. United States*, "The proper inquiry under section 8116(c) is not merely whether the plaintiff is an 'employee, his legal repre-

---

**3.** 5 U.S.C. § 8116(c). That section reads in full: The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

**4.** *Gill v. United States*, 641 F.2d 195, 197 (5th Cir.1981); *see also Wright v. United States*, 717 F.2d 254, 256–58 & n. 4 (6th Cir.1983).

**5.** 5 U.S.C. § 8128(b).

**6.** *Gill v. United States*, 641 F.2d 195, 197 (5th Cir.1981); *see also Concordia v. U.S. Postal Serv.*, 581 F.2d 439, 443 (5th Cir.1978); *Waters v. United States*, 458 F.2d 20, 22 (8th Cir.1972).

**7.** 5 U.S.C. § 8128(a).

**8.** *Id.* at § 8129(a).

**9.** 28 U.S.C. § 2674.

**10.** 5 U.S.C. § 8116(c).

sentative, spouse, dependents, next of kin, [or] any other person otherwise entitled to recover damages.' Rather it is whether the claim is 'with respect to the injury or death of an employee.'"[11] Grijalva's daughter's claims for loss and support clearly derive directly from her mother's injuries.[12] Hence, section 8116(c) bars the door to Grijalva's daughter as firmly as it does to Grijalva.

The Government contends that this is a frivolous appeal and seeks double costs under Federal Rule Appellate Procedure 38. The arguments raised by assiduous counsel for appellant are thin, albeit ingenious. Perhaps because we are beguiled by the apparent sincerity with which they are pressed, we hold that the appeal is not so patently lacking in merit as to be frivolous and deny the demand.

For these reasons, the decision is AFFIRMED.

**11.** 714 F.2d 648, 650 (6th Cir.1983).

**12.** *See id.; Levine v. United States,* 478 F.Supp. 1389, 1391 (D.Mass.1979).