IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-1547

_____

MERRILL BENTON,

                    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA and
THE UNITED STATES POSTAL SERVICE,

                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

(February 12, 1992)

Before POLITZ, Chief Judge, and KING and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:

     Merrill Benton appeals the district court's grant of the
Government's motion to dismiss her complaint pursuant to Federal
Rule of Civil Procedure 12(b)(1) and (6).  She contends that the
district court erred in concluding that (1) the exclusive remedy
provision of the Federal Employees Compensation Act barred her
recovery under the Federal Tort Claims Act for personal injuries,
and (2) the exclusive remedy provision of the Federal Tort Claims
Act barred her claim against the United States Postal Service.
For the reasons set forth below, we affirm the district court's
dismissal of the claim.

On October 14, 1987, Benton was an employee of a federal magistrate with offices in the U.S. Postal Service Building in Biloxi, Mississippi. While on her way to lunch, she slipped and fell on a stairway in that building, causing severe injury to her back. On October 10, 1989, Benton filed an administrative claim for her injuries under the Federal Employees Compensation Act ("FECA"). Her FECA benefits paid her employee compensation and all of her medical expenses during her disability period.

After exhausting her administrative remedies, Benton filed the complaint at issue on June 18, 1990, alleging that the stairwell that she fell on was negligently maintained, and seeking damages under the Federal Tort Claims Act ("FTCA") for pain and suffering, future earnings, and general loss of enjoyment of life. She brought the action against the Postal Service, as both a co-employee and owner of the Postal Service Building, and against the United States as a substitute defendant for the Postal Service. In response, the defendants moved to dismiss, arguing that the exclusive remedy provision of the FTCA barred her claim against the Postal Service, and the exclusive remedy provision of the FECA barred her personal injury claim against the United States. The district court agreed that the Postal Service was not a proper party to the suit, and that 28 U.S.C. § 2679(b)(1) precluded her claim against the United States as substitute defendant for an unnamed co-employee.

Consequently, the district court dismissed Benton's claims with prejudice.

Benton challenges this dismissal on three grounds: (1) the FECA exclusive remedy provision does not bar her claim under the FTCA for injuries not compensable under the FECA; (2) the FECA does not bar her claim against the United States because the Postal Service was not her employer; and (3) the FECA's prohibition against judicial review of the Secretary of Labor's decisions to award individual benefits, 5 U.S.C. § 8128(b), violates the Due Process Clause of the Fifth Amendment. We address each of these challenges in turn.

## II.

We review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) under the same standard used by the district court: a claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We employ the same standard in reviewing dismissals for lack of subject matter jurisdiction under Rule 12(b)(1). Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 742 n.1 (1976). So, taking Benton's factual allegations as true for the purposes of this appeal, we independently review her claims to determine whether the district court correctly dismissed it under Rule 12(b)(1) and (6).

First, Benton argues that because she did not receive compensation under the FECA for the injuries claimed in the

instant suit, the FECA exclusive remedy provision, 5 U.S.C. §

8116(c), does not bar her claim.  This provision states:

> The liability of the United States or an
> instrumentality thereon . . . with respect to
> the injury or death of an employee is
> exclusive and instead of all other liability
> of the United States or the instrumentality
> to the employee, his legal representative,
> spouse, dependents, next of kin, and any
> other person otherwise entitled to recover
> damages from the United States or
> instrumentality because of the disability or
> death in a direct judicial proceeding, in a
> civil action, or in admiralty, or by an
> administrative or judicial proceeding under a
> workmen's compensation statute or under a
> Federal tort liability statute. . . .

5 U.S.C. § 8116(c).  In Grijalva v. United States, 781 F.2d 472

(5th Cir.), cert. denied, 479 U.S. 822 (1986), we held that this

provision bars an individual who has received an award of

compensation benefits under the FECA from suing the United States

for that injury under the FTCA.  Id. at 474.  Moreover, we found

that it also barred the claimant's daughter from recovering

damages for loss of her mother's support and services.  Id. at

475.  The FECA benefits received by the claimant were not

intended to compensate the daughter for any personal loss

resulting from her mother's injuries.[1]  Nonetheless, we adopted

the reasoning of the Sixth Circuit in Woerth v. United States,

714 F.2d 648, 650 (6th Cir. 1983), that the proper inquiry is

"whether the claim is 'with respect to the injury or death of an

---

[1] Grijalva received disability compensation, reimbursement of medical expenses, and continuation of her salary during her disability.  See Grijalva v. United States, 781 F.2d 472, 473 (5th Cir.), cert. denied, 479 U.S. 822 (1986).

4

employee.'" 781 F.2d at 475; see also Sheehan v. United States, 896 F.2d 1168 (9th Cir. 1990) (reversing dismissal of an FTCA claim based on negligent infliction of emotional distress not compensated under the FECA because it was "divorced from any claim of physical injury"). We agree with the district court that the exclusive remedy provision of the FECA bars Benton's claim for pain and suffering, future earnings, and general loss of enjoyment of life -- injuries which derived from her physical injury for which she was already compensated under the FECA.

Second, Benton contends that the FECA exclusive remedy provision does not bar her suit against the United States in its capacity as substitute defendant for the negligence of the Postal Service, a co-employee. Benton relies on our holding in Allman v. Hanley, 302 F.2d 559 (5th Cir. 1962), to support this contention. In Allman, we held that absent specific statutory command, workers' compensation statutes are not construed to abrogate the common law rights of employees to bring negligence suits against their fellow employees. Id. at 563. Accordingly, we allowed the plaintiff's negligence action against a fellow government employee to proceed notwithstanding the FECA. As the district court observed, the Federal Employees Liability Reform and Tort Compensation Act of 1988, codified at 28 U.S.C. § 2679(b)(1), precludes Benton from obtaining the same result. This provision provides:

> The remedy against the United States provided
> by sections 1346(b) and 2672 of this title
> for injury . . . arising or resulting from
> the negligent or wrongful act or omission of

> any employee of the Government while acting in the scope of his office or employment is exclusive of any other civil action or proceeding for monetary damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim.
> . . .

28 U.S.C. § 2679(b)(1). Because this specific statutory command prohibits Benton's claim against the United States as substitute defendant for an unnamed co-employee,[2] we agree with the district court that the claim should be dismissed.

Finally, Benton challenges the constitutionality of the FECA's prohibition against judicial review of decisions concerning the award of payments under the Act, 5 U.S.C. § 8128(b). She contends that this provision allows the Secretary of Labor to put an arbitrary cap on the amount of coverage available to a federal employee. Moreover, she asserts that access to the FTCA is essential to ensure that federal employees receive full compensation for their work-related injuries.

It is well settled that "Congress has the power, through a 'clear command of the statute,' to preclude review of policy decisions. . . ." Paluca v. Secretary of Labor, 813 F.2d 524, 527 (1st Cir.) (quoting Barlow v. Collins, 397 U.S. 159, 167 (1970)), cert. denied, 484 U.S. 943 (1987); see also Rodriques v. Donovan, 769 F.2d 1344 (9th Cir. 1985) ("The structure of the FECA and the language of section 8128(b) convince us that

---

[2] See Noga v. United States, 411 F.2d 943 (9th Cir.), cert. denied, 396 U.S. 841 (1969) (dismissing FTCA suit in which United States was technical defendant in place of negligent federal driver because Federal Drivers Act, 28 U.S.C. § 2679 (b)-(e) (1964), rendered government employee driver immune from suit).

Congress's intent was that the courts not be burdened by a flood of small claims challenging the merits of compensation decisions, . . . and that the Secretary should be left free to make the policy choices associated with disability decisions.") (citations omitted).  A statute may prohibit review of adjudications made in conformity with policy decisions, so long as it does not prohibit review of constitutional questions.  See Paluca, 813 F.2d at 526, 527 (confirming validity of § 8128(b)'s bar of judicial review because it refers to statutory, and not constitutional, action) (citing Johnson v. Robison, 415 U.S. 361, 366 (1974)).  Because § 8128(b) prohibits review only of compensations decisions wholly within the discretion of the Secretary of Labor, we find that Benton's challenge lacks merit.

Benton also suggests that the exclusive remedy provision of the FECA deprives federal employees of their equal protection and due process rights because only federal employees are barred from suing under the FTCA when they are injured by negligent acts of the government.  However, the FECA bar applies only to those claims arising out of injuries incurred in the scope of employment.  The government has a legitimate reason for maintaining a federal worker's compensation program in this manner.  In Gill v. United States, 641 F.2d 195 (5th Cir. 1981), we observed that the FECA program is akin to state workers' compensation programs.  In Gill, we recognized that "[t]he heart of the system is an implicit bargain: employees are granted surer and more immediate relief in return for foregoing more expensive

7

rewards outside the system."  <u>Id</u>. at 197.  Benton's

constitutional challenge provides no convincing reason for us to

question the legitimacy of the purpose underlying the FECA

program, as expressed in <u>Gill</u>.  Therefore, we find this claim

without merit.

III.

For the foregoing reasons, we AFFIRM the district court's

dismissal of Benton's claim with prejudice.