United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10547
Summary Calendar

_____

STANLEY M. SCHWARTZ,

Plaintiff - Appellant,

versus

UNITED STATES DEPARTMENT OF LABOR,

Defendant - Appellee.

--------------------

Appeal from the United States District Court
for the Northern District of Texas
(04-CV-644)

--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[1]

Plaintiff Stanley Schwartz appeals the dismissal of his suit under the Federal Tort Claims Act. Schwartz, a Federal Administrative Law Judge, sued the United States, the U.S. Department of Labor and Occupational Safety and Health Review Commission alleging that he suffered intentional infliction of emotional distress arising out of conditions relating to his employment. The district court dismissed the case without prejudice to allow the Secretary of Labor to determine if

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Schwartz's claims were covered by the provisions of the Federal Employees Compensation Act ("FECA"). We affirmed that decision.

The Department of Labor's Office of Workers' Compensation Programs ("OWCP") determined that Schwartz's condition, if compensable, was covered under FECA but that Schwartz failed to prove his case. Other than requesting reconsideration by the OWCP, Schwartz did not pursue further post-deprivation remedies available to him under FECA. Schwartz then refiled his petition in the district court. In response to the defendant's Motion to Dismiss, the district court dismissed Schwartz's claim. Schwartz again appeals.

The district court correctly concluded that it lacked subject matter jurisdiction to review the Secretary of Labor's FECA benefits determination. Such review is expressly precluded by 5 U.S.C. § 8128(b). Benton v. United States, 960 F.2d 19 (5th Cir. 1992).

A limited exception to FECA preclusion has been recognized for substantial cognizable constitutional challenges to the proceedings. The substance of Schwartz's complaint is that the OWCP revised its initial decision in his case as a result of improper contact between the Department of Labor's Solicitor's Office and the OWCP. However, even if Schwartz could establish a due process violation with regard to his OWCP hearing, that does not constitute a violation of the procedural requirements of the

2

due process clause if a meaningful post-deprivation remedy for the loss is available.  Hudson v. Palmer, 468 U.S. 517, 533 (1984). Schwartz made no allegations to the district court or to us that FECA's post-deprivation remedies are constitutionally inadequate.  In addition, the district court properly found that the post-deprivation remedies available to FECA claimants are sufficient to assure that claimants receive sufficient due process, even in situations where there were violations of OWCP procedures. See Raditch v. United States, 929 F.2d 478 (9th Cir. 1991); Lepre v. Dep't of Labor, 275 F.3d 59 (D.C. Cir. 2001); Stuto v. Fleishman, 164 F.3d 820 (2d Cir. 1999).

For the foregoing reasons, the district court's dismissal of Schwartz's claims for lack of jurisdiction is AFFIRMED.