# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 11, 2007**

Charles R. Fulbruge III
Clerk

No. 07-30231
Summary Calendar

YORI HENRY FAIRLEY, Estate of Dion Henry

Plaintiff – Appellant

v.

LOUISIANA STATE; LOUISIANA STATE BOARD
OF MEDICAL EXAMINERS; ROBERT MARIER, MD/MHA,
officially in his capacity as Executive Director of the
Louisiana Board of Medial Examiners and Individually;
KATHLEEN BLANCO; officially in her capacity as Governor
and Individually; STEPHANIE IRVAN, officially in her
capacity as Program Compliance Officer and Individually

Defendants – Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-6064

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Yori Henry Fairley appeals from the dismissal of a civil rights lawsuit

brought on behalf of the estate of her son, Dion Henry.  Fairley sued the State

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Louisiana, the Louisiana State Board of Medical Examiners, two of its officers, Robert Marier, M.D., and Stephanie Irvan, and Governor Kathleen Blanco, seeking injunctive relief and damages relating to the resolution of an administrative complaint filed against her son's doctor. Finding dismissal of the suit proper, we AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from the death of two-year old Dion Henry, who died within days of being admitted to Ochsner Medical Center in late September 2005. After Dion's death, his mother, Yori Henry Fairley, filed a complaint with the Louisiana State Board of Medical Examiners (the Board), alleging that a doctor at Ochsner had poisoned Dion with barbiturates. The Board investigated but found no grounds for administrative action against the doctor.

Fairley then brought this lawsuit[1] against the State of Louisiana, the Board, Robert Marier, Stephanie Irvan, and Kathleen Blanco, primarily seeking an injunction directing the Board to re-open its investigation of Fairley's complaint and conduct an examination of her son's body to determine what types of barbiturates were present in his system when he died. She also sued Marier, Irvan, and Blanco in their individual capacities under 42 U.S.C. § 1983, alleging that constitutional violations were committed by the defendants in the course of the Board's investigation. The defendants moved for dismissal under Federal Rule of Civil Procedure 12(b)(1) and (6) on the grounds that the Eleventh Amendment deprived the district court of jurisdiction to grant the relief sought against the defendants in their official capacities, and that Fairley had failed to state a claim for which relief can be granted against the defendants in their individual capacities. The district court granted the motion to dismiss, and Fairley now appeals.

---

[1] A separate lawsuit against various health care providers who were allegedly involved in the child's death is pending elsewhere.

## II. DISCUSSION

### A.    Standard of Review

We review de novo the district court's order on a motion to dismiss for failure to state a claim under Rule 12(b)(6).  The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (quotation marks, citations, and footnote omitted).  We employ a similar standard in reviewing dismissals for lack of subject matter jurisdiction under Rule 12(b)(1).  See Benton v. United States, 960 F.2d 19, 21 (5th Cir. 1992).

### B.    The Claims Against the Defendants in Their Official Capacities

Fairley sought an injunction from the district court ordering the Board to re-open its investigation and conduct an examination of her son's body to determine what types of barbiturates were present in his system when he died. The district court concluded that it had no authority to grant the relief sought. We agree.

The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents or Congress has clearly and validly abrogated the state's sovereign immunity.  U.S. CONST. amend. XI; see, e.g., Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999) (recognizing that an individual may sue a state if the state consents or Congress abrogates the state's sovereign immunity pursuant to the Fourteenth Amendment).  A suit against a state agency or department is considered a suit

3

against the state under the Eleventh Amendment. See, e.g., Coll. Sav. Bank, 527 U.S. at 671; see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984) ("It is clear, of course, that . . . a suit in which the State or one of its agencies or departments is named as a defendant is proscribed by the Eleventh Amendment."). "The Eleventh Amendment [also] bars a suit against state officials when 'the state is the real, substantial party in interest.'" Pennhurst, 465 U.S. at 101. "[T]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." Id. (internal citations and quotations omitted).

Fairley does not dispute that the Board is a state agency, nor does she plausibly contend that Louisiana has consented to suit[2] or that its sovereign immunity has been abrogated. The Eleventh Amendment therefore bars the relief sought against the Board and the State of Louisiana.[3] See Emory v. Tex. State Bd. of Med. Exam'rs, 748 F.2d 1023, 1025 (5th Cir. 1984) (holding that the Eleventh Amendment bars the award of damages and injunctive relief against the Texas counterpart to the Board). And since any injunction against Marier, Irvan, or Blanco would primarily operate against the Board, by forcing it to re-open the investigation into the death of Fairley's son, the state is the real, substantial party in interest here. The Eleventh Amendment thus forecloses the claims against Marier, Irvan, and Blanco in their official capacities.

Fairley argues that an injunction is nonetheless available under the doctrine of Ex parte Young, 209 U.S. 123 (1908), which permits federal courts to award prospective injunctive relief against state officials who violate federal law.

---

[2] A state's receipt of federal funds does not automatically constitute a waiver of its sovereign immunity; such a waiver is only recognized in limited circumstances, none of which appear to be implicated here. See Hurst v. Tex. Dep't of Assistive & Rehab. Servs., 482 F.3d 809, 811 (5th Cir. 2007).

[3] To the extent that Fairley also seeks a money judgment against the defendants in their official capacities, the Eleventh Amendment operates to bar this relief as well.

See Aguilar v. Tex. Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998). Young is inapplicable, though, because Fairley's theory is that the Board has failed to perform duties imposed on it by state law, not federal law.[4] Federal courts simply lack the power to order state officials to conform their conduct to state law. Pennhurst, 465 U.S. at 106. Dismissal by the district court was therefore proper.

C.      The Claims Against the Defendants in Their Individual Capacities

Fairley claimed that Marier, Irvan, and Blanco are liable under § 1983 because their actions with regard to the Board's investigation violated Fairley's constitutional rights. Specifically, Fairley asserted a deprivation, without due process, of her "quasi-property" right in having her son's body examined for barbiturates. The district court determined that no such property right exists, and concluded that Fairley had failed to present a viable § 1983 claim. We agree.

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Piotrowski v. City of Houston, 51 F.3d 512, 515 (5th Cir. 1995) (quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994)). "Our first inquiry is whether the plaintiff has alleged a violation of a constitutional right at all." Id. To be entitled to due process, a plaintiff must present facts showing a deprivation of a property interest. Mahone v. Addicks Util. Dist. of Harris County, 836 F.2d 921, 929 (5th Cir. 1988) (citing Bd. of Regents v. Roth, 408 U.S. 564, 569–70 (1972)).

---

[4] In her brief, Fairley does assert that the defendants' alleged violations of Louisiana law also constitute a violation of her due process rights. But as we discuss with regard to the claims against Marier, Irvan, and Blanco in their individual capacities, this conclusion is without merit, as Fairley has no identifiable property interest in having the Board carry out its investigation in the manner that she wishes.

Fairley now argues that the district court erred in ruling that she has no property interest in having the Board carry out its investigation in the manner she wishes. She contends that Louisiana's child abuse reporting law, LA. CHILD. CODE ANN. art. 609, creates a property interest. Article 609 imposes a duty on certain individuals to report suspected child abuse or neglect to the appropriate authorities, and permits any other person to report suspected child abuse or neglect. See id. Even if we were to assume that article 609 places Marier, Irvan, and Blanco under some reporting obligation, this provision in no way creates in Fairley a property interest in having the Board re-open its investigation and examine her son's body for barbiturates. The district court did not err in concluding that Fairley failed to state a viable § 1983 claim.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.