Roland CORONADO, Plaintiff,

v.

Michael W. WYNNE, Secretary of
the Air Force, Department of
the Air Force, Defendant.

No. SA–07–CA–0485–RF.

United States District Court,
W.D. Texas,
San Antonio Division.

Jan. 15, 2008.

Victor O. Enriquez, Law Office of Victor Octavio Enriquez, San Antonio, TX, for Plaintiff.

Joseph C. Rodriguez, Assistant United States Attorney, San Antonio, TX, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROYAL FURGESON, District Judge.

BEFORE THE COURT is Defendant Michael W. Wynne's Motion to Dismiss Plaintiff's Complaint, and/or in the alternative, for Summary Judgment (Docket No. 5), filed August 6, 2007; Plaintiff Roland Coronado's Response (Docket No. 6), filed August 14, 2007; and Defendant's Reply (Docket No. 7), filed August 23, 2007. After reviewing the briefing by the parties, relevant law, and applicable facts, the Court is of the opinion Defendant's Motion should be GRANTED.

## SUMMARY

Plaintiff filed an employment discrimination suit alleging Title VII violations for retaliation, hostile work environment, and employment discrimination. Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim, and alternatively, for summary judgment. The Court finds Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies. Furthermore, the Court finds there is no genuine issue of material fact as to Plaintiff's claims for discrimination. Therefore, the Court grants Defendant's Motion for Summary Judgment.

## BACKGROUND

Because Defendant has moved to dismiss the case, or in the alternative, for summary judgment, the Court construes the facts in the light most favorable to Plaintiff.[1] Plaintiff was hired by Defendant to work at Lackland Air force Base ("LAFB") in May 1995.[2] On October 23, 2006, Plaintiff was assaulted at work by Lawrence Cabanilla ("Cabanilla"), another employee, following the supervisors' daily morning meeting.[3] Cabanilla struck Plaintiff's face, chest area, and body, and proceeded to tear Plaintiff's clothing.[4]

The LAFB Military Security Forces were summoned and two other employees, Robert Aparicio and Michael McMeans, provided signed written statements that document Cabanilla's actions.[5] Cabanilla was handcuffed and incarcerated for less than two hours. Supervisor Carl Kirkland ("Supervisor Kirkland") sent Cabanilla home for one week with pay.[6]

Subsequently, Plaintiff went to the Medical Clinic and claims he continues to receive medical treatment for his physical and psychological injuries. Also, Plaintiff claims he suffers permanent injuries to his shoulder.[7]

Plaintiff first spoke to one of the LAFB JAG office attorneys in October, 2006, and emphasized he wanted to press charges in federal court due to Cabanilla's violent history to other employees, and Defendant's unwillingness to take disciplinary action

---

1. *See Tanglewood E. Homeowners v. Charles–Thomas, Inc.,* 849 F.2d 1568, 1572 (5th Cir. 1988); *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

2. Def. Mot. to Dismiss, at 2.

3. Pl. Compl., at 4.

4. *Id.*

5. *Id.*

6. *Id.*

7. *Id.* at 5.

against him.[8] Furthermore, Plaintiff requested to be transferred to a different zone at work, which Defendant granted.[9] Plaintiff waited until February 9, 2007, over three months after the assault, to initiate his first contact with an Equal Employment Opportunities ("EEO") Counselor.[10] His initial interview was February 13, 2007, and his stated reason for the delayed contact was that it was not until January 4, 2007, that he became aware that no action had been taken against Cabanilla by Supervisor Kirkland.[11] Plaintiff's complaint was not resolved with the EEO Counselor.[12] As such, Plaintiff filed a formal complaint of discrimination on March 9, 2007.[13] His formal complaint was dismissed on March 26, 2007, for failure to state a claim and failure to comply with the applicable time limits.[14]

Subsequently, Plaintiff filed an employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., alleging employment discrimination based on national origin and gender, retaliation for past EEO activity, and hostile work environment.[15] In the Complaint, Plaintiff also asserts he was denied workers' compensation benefits because his supervisor failed to submit his claim on a timely basis. In the Motion before the Court, Defendant moves to dismiss Plaintiff s Complaint for lack of subject matter jurisdiction and failure to state a claim.· Alternatively, Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's Title VII claims pursuant to Fed. Rule Civ. P. 12(b)(1) and 12(b)(6). When motions to dismiss based on Rules 12(b)(1) and 12(b)(6) are filed together, a court should consider the jurisdictional attack before addressing the attack on the merits.[16] Accordingly, the Court will first address the Motion to Dismiss for lack of subject matter jurisdiction, followed by a discussion of the merits of Plaintiff's Title VII discrimination claim.

## DISCUSSION

### I. Lack of Subject Matter Jurisdiction

*Federal Rule 12(b)(1) Standard of Review*

■ A motion to dismiss under Federal Rule 12(b)(1) requires a federal district court to evaluate the existence of subject matter jurisdiction over the action before it.[17] A court "properly dismisse[s] a case for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[18] The burden of proof for a Rule 12(b)(1) motion to dismiss lies with the party asserting jurisdiction.[19] Accordingly, the

---

**8.** Pl. Compl., at 5–6.

**9.** Def. Mot. to Dismiss, Ex. 6, 9.

**10.** *Id.*, Ex. 9.

**11.** *Id.*

**12.** *Id.*, Ex. 10.

**13.** *Id.*, Ex. 11.

**14.** Def. Mot. to Dismiss, Ex. 12.

**15.** Pl. Compl.

**16.** *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).

**17.** Fed. R. Civ. Proc. 12(b)(1).

**18.** *Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992).

**19.** *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.[20]

To assess whether subject matter jurisdiction exists, this Court may look to the complaint and the undisputed facts in the record.[21] Courts should accept as true all well-pleaded allegations in the complaint, and view them in a light most favorable to the plaintiff.[22] Further, a court should grant a motion to dismiss only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.[23] While enjoying broad discretion in handling Rule 12(b) motions to dismiss, courts should make certain that plaintiffs are not improperly denied the right to have claims adjudicated on the merits.[24]

*Analysis*

■ Title VII allows federal employees to sue their employer, but requires that they exhaust the statutory administrative remedies prior to bringing suit.[25] Aggrieved employees must first seek administrative resolution of their discrimination complaints before commencing suit in district court.[26] If they fail to do so, district courts are without jurisdiction to hear the merits of their claims.[27]

Defendant correctly asserts that federal employees alleging employment discrimination must first seek informal EEO counseling within forty-five days of the alleged discriminatory act before they can file a lawsuit in federal court.[28] Contact with a counselor must be initiated "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."[29] "If the employee fails to do so, his claim is barred."[30]

In the instant case, Plaintiff identifies three allegedly discriminatory acts in the Complaint: (1) the assault by Cabanilla, (2) the failure of Defendant to take remedial action, and (3) retaliation by Supervisor Kirkland.[31] Plaintiff also makes broad assertions that he was discriminated against, "held to a stricter standard of performance," and "treated dissimilarly," although Plaintiff fails to identify in the Complaint or in the Response to Defendant's Motion, any specific discriminatory acts as evidence of such allegations.[32] With regard to the three allegedly discrim-

---

**20.** *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980).

**21.** *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996).

**22.** *Tanglewood E. Homeowners v. Charles–Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988).

**23.** *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (applying standard in context of Rule 12(b) (1)).

**24.** *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir.1988) (noting that "the standard for dismissing a complaint is very high.").

**25.** *Fitzgerald v. Secretary, U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir.1997) (citing 42 U.S.C. § 2000e–16(c)).

**26.** 42 U.S.C. § 2000e–16(c).

**27.** *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir.1981) (noting that exhaustion is "an absolute prerequisite" to suit under § 2000e–16).

**28.** Def. Mot. to Dismiss, at 6; *See* 29 C.F.R. § 1614.105(a) (1).

**29.** 29 C.F.R. § 1614.105(a).

**30.** *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir.2002) (citing *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir.1992)).

**31.** Pl. Compl., at 5.

**32.** *Id.* at 7–9.

inatory acts identified by Plaintiff, these claims are time-barred under 29 C.F.R. § 1614.105(a), because Plaintiff failed to seek EEO counseling within the required forty-five time period.[33]

■ First, it is undisputed Cabanilla assaulted Plaintiff on October 23, 2006. Plaintiff has identified the assault as a discriminatory act as he claims it was "related to his membership in a statutorily protected class" and the assault "has created a hostile work environment that has altered the conditions of employment and created an abusive environment." Therefore, the forty-five day window for Plaintiff to seek EEO counseling began October 23, 2006. Plaintiff was required to initiate EEO counseling by December 7, 2006. He failed to do so. Thus Plaintiff's claim that the assault was a discriminatory act is time-barred.

■ Second, Plaintiff asserts Defendant created a hostile work environment when it failed to take remedial action against Cabanilla. Plaintiff provides no facts to explain how Defendant's alleged failure to take remedial action *subsequent to his assault* resulted in a discriminatory act. Instead, Plaintiff offers affidavits from two other employees stating that they were also assaulted by Cabanilla and the assaults occurred before the assault on Plaintiff.[34]

Calculating the time line for when a claim is time barred is difficult in this case because the alleged discriminatory action is the failure to take any action. This problem is exacerbated by the fact that Plaintiff does not provide a specific date when he complained that remedial action was not taken. In fact, no where in Plaintiff's pleadings does he indicate a time frame for the failure to take remedial action, except the statement in the Complaint that Plaintiff "spoke to one of the LAFB Jag office attorneys on or about October, 2006 and emphasized he wanted to press federal court charges because ... [n]o disciplinary action was taken against Mr. Cabanilla for having assaulted two other employees."[35] Plaintiff does state that he learned on January 4, 2007, that no disciplinary action had been taken against Cabanilla.[36] However, because he spoke to the JAG employees in October of 2006 about the failure of Defendant to take remedial action against Cabanilla, this triggered his obligation to conduct a diligent inquiry in response to the alleged discriminatory act.[37] To hold otherwise would allow Plaintiff to select any date after his assault to prompt the forty-five day clock to run, by claiming he "became aware" on that date that Defendant failed to take remedial action.

Furthermore, it appears in Plaintiff's Response that his hostile work environment claim refers to Defendant's alleged failure to take remedial action against Cabanilla after the two previous assaults on the two other employees occurred. Therefore, the adverse employment act com-

---

33. The Court provides further discussion of Plaintiff's failure to allege a *prima facie* case of discrimination below.

34. There is no evidence in the record of further assaults on or harassment of Plaintiff by Cabanilla; nor does Plaintiff allege this.

35. Pl. Compl., at 5–6. The Court discusses the complaints by the two other employees below.

36. Def. Mot. to Dismiss, Ex. 9.

37. *See Pacheco v. Rice,* 966 F.2d 904, 907 (5th Cir.1992). Plaintiff does not assert he made a diligent inquiry or that he inquired at any time about any remedial action against Cabanilla, and provides no evidence to prove the same.

plained of appears to be Cabanilla's assault on Plaintiff, thus, prompting the forty-five day period to begin in October, and not January. Plaintiff had forty-five days to seek EEO counseling at this point. Instead, he waited until February 9, 2007, to seek EEO counseling. Therefore, this claim is also time-barred. There is no other evidence in the record of discriminatory acts caused by Defendant's alleged failure to take remedial action against Cabanilla.

■ Third, Plaintiff asserts Supervisor Kirkland retaliated against him because of his prior participation as a witness in an EEO Complaint hearing against Supervisor Kirkland.[38] Plaintiff does not identify any specific acts of retaliation, other than the lack of remedial action taken by Defendant against Cabanilla and the initial assault by Cabanilla. Therefore, the analyses in the foregoing paragraphs apply.

Significantly, Plaintiff does not dispute his claims are time-barred because he failed to initiate EEO counseling within the required time frame.[39] Instead, Plaintiff emphasizes the exceptions to the exhaustion requirement.[40] First, Plaintiff cites cases that provide an exception to the exhaustion requirement where the plaintiff's untimely claims are reasonably related to a prior charge.[41] However, in the instant case, all of the claims at issue in this action are not related to a prior charge and were stated in Plaintiff's initial EEO charge on March 9, 2007.[42] Plaintiff's claims were also mentioned in the EEO Counselor's Report and the Memorandum for Plaintiff's Counsel on March 5, 2007.[43] Plaintiff neither mentions nor provides evidence of any other charge or complaint of discrimination, prior to his initiation of EEO counseling on February 9, 2007.

■ Additionally, in reference to Plaintiff's retaliation charge, he argues that district courts have ancillary jurisdiction to hear post-charge retaliation claims when a claim grows out of an earlier charge that is properly before the Court.[44] Again, there is no evidence of an earlier *charge* from Plaintiff, other than his EEO charge on March 9, 2007, in which he claims discrimination based on his previous participation as a witness in an EEO complaint hearing.[45] Thus, Plaintiff only refers to his involvement *as a witness* at a hearing regarding an EEO Complaint against Supervisor Kirkland.[46] Plaintiff cites *Barrow v. New Orleans S.S. Ass'n*, to support his claim that courts have ancillary jurisdiction "to hear post-charge retaliation claims when the retaliation claim grows out of and [sic] earlier charge that has been

---

38. Pl. Compl, at 5.

39. Pl. Resp., at 8.

40. *Id.*

41. *Id.* at 8–9.

42. Def. Mot. to Dismiss, Ex. 9.

43. *Id.*, Exs. 10–11.

44. *Id.* at 9–10 (citing *Gupta v. E. Tex. State Univ.*, 654 F.2d 411 (5th Cir.1981)).

45. In the section of the complaint form prompting the complainant to state why he or she was discriminated against, Plaintiff wrote "REPRISAL: Witness in EEO Complaint." Plaintiff also checked the box for national origin in this section.

46. Plaintiff also fails to provide the date and subject of that hearing. In the Complaint, he states "Defendant retaliated against Plaintiff herein for having opposed unlawful employment discrimination with respect to the terms, conditions, privileges, advantages and benefits of his employment" Pl. Compl., at 7–8.

properly exhausted."[47] However, in the instant case there are no earlier charges that are properly before the Court and none that were properly exhausted. Therefore, just as in the *Barrow* case, "the retaliation charge has no charge on which to attach itself,"[48] and must be dismissed.

Because of the reasons above, the Court finds Plaintiff has not met his burden of proving subject matter jurisdiction over his claims. He has simply pled no facts that would allow the Court to rule in his favor. Because Plaintiff failed to exhaust his administrative remedies, the Court does not have subject matter jurisdiction over his claims. Furthermore, even if Plaintiff had exhausted his administrative remedies so that the Court could retain subject matter jurisdiction over his claims, Plaintiff's pleadings in this case are conclusory and devoid of evidentiary support or even arguments that create a genuine issue of material fact.

## II.  No Genuine Issue of Material Fact

*Federal Rule 12(b)(6) and Rule 56 Standard of Review*

A Rule 12(b)(6) motion to dismiss challenges a complaint on the basis that it fails to state a claim upon which relief may be granted.[49] In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff.[50] A court will dismiss a complaint pursuant to Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[51] If a defendant presents evidence in support of his Rule 12(b)(6) motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[52]

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[53] The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence.[54] However, all evidence must be viewed in the light most favorable to the party opposing the motion.[55] Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine issue of material fact.[56] In order for a

---

47.  Pl. Resp., at 9;  932 F.2d 473, 479 (5th Cir.1991).

48.  *Id.*

49.  Fed.R.Civ.P. 12(b)(6).

50.  *Id.*; *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir.2002) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992)).

51.  *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir.2001) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 585–86 (5th Cir. 1999)).

52.  Fed.R.Civ.P. 12(b) advisory committee's note.

53.  Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

54.  *Id.*

55.  *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

56.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant.[57] Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment.[58]

In the instant case, both parties have submitted evidence pertinent to Defendant's Motion. Plaintiff cannot claim surprise because Defendant's Motion requests dismissal, or in the alternative, summary judgment, and Plaintiff argues in his Response that a genuine issue of fact exists. Accordingly, the Motion will be treated as one for summary judgment and reviewed pursuant to Rule 56.

*Analysis*

The Court believes there is no genuine issue of material fact as to Plaintiff's claims of discrimination. In his Complaint, Plaintiff asserts three claims of discrimination: (1) Plaintiff suffered adverse employment consequences as a result of Plaintiff's race and gender, (2) Defendant retaliated against Plaintiff because of Plaintiff's previous participation in the EEO process, and (3) the discriminatory actions of Defendant created a hostile work environment for Plaintiff. For the reasons stated below, the Court finds that each claim is without merit and therefore, grants summary judgment as to each claim

*Discrimination Based on Plaintiff's Race and Gender*

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination in employment on the basis of race or gender.[59] Title VII protects both women and men from unlawful discriminatory treatment.[60] In *McDonnell Douglas Corp. v. Green*, the Supreme Court held the plaintiff must carry the initial burden of establishing a *prima facie* case of discrimination.[61] This is done by showing: (1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for the position lost; (3) the plaintiff suffered an adverse employment action; and (4) after the adverse employment action, the plaintiff was replaced by someone not a member of the protected class, or that others similarly situated, but outside the protected class, were treated more favorably.[62] "[A]n employee's subjective belief of discrimination alone is not sufficient to warrant judicial relief." [63]

■ In the instant case, Plaintiff has not met his burden of establishing a *prima facie* case of discrimination based on either gender or race. Plaintiff provides absolutely no facts to support a gender discrimination claim. With regard to a discrimination claim based on race, Plaintiff satisfied the first two elements above. Plaintiff establishes he is Hispanic and Defendant does not dispute that Plaintiff is qualified for his position. However, Plaintiff fails to identify an adverse action by

57. *Anderson v. 5 Liberty Lobby*, 477 U.S. 242, 250 n. 4, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

58. *Id.* at 248–50, 106 S.Ct. 2505.

59. *See* 42 U.S.C. § 2000e–2(a).

60. *Newport News Shipbuilding and Dry Dock Co. v. EEOC*, 462 U.S. 669, 684, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983).

61. 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

62. *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir.2006) (citing *Rutherford v. Harris Co., Tex.*, 197 F.3d 173, 184 (5th Cir. 1999)); *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir.1999).

63. *Bauer*, 169 F.3d at 967 (citation and internal quotation marks omitted).

Defendant and also fails to provide any facts to support his claims that he was treated differently than other individuals or held to stricter standards. Furthermore, Plaintiff did not lose his position and instead, requested a transfer to another zone at work.[64] Also, Plaintiff provides no evidence that the assault by Cabanilla was discriminatory in nature.

Plaintiff instead focuses his claim on Defendant's lack of remedial action against Cabanilla. However, as evidenced by Defendant's pleadings and exhibits, Plaintiff is mistaken to this assertion as it is evident to the Court that Defendant did in fact, take remedial measures after the assault by Cabanilla. For example, following the assault, the LAFB Military Security Forces were summoned and they handcuffed and incarcerated Cabanilla.[65] The Security Forces took written statements by Mr. Aparicio and Mr. McMeans that corroborate Plaintiff's version of the events associated with the assault.[66] Plaintiff and Cabanilla also filled out statements regarding the incident.[67] Supervisor Kirkland sent Cabanilla home for the week.[68] Then, Defendant granted Plaintiff's request to be transferred away from Cabanilla to a different zone at work.[69] Defendant sent Cabanilla notice of proposed suspension for twelve calendar days on November 22, 2006.[70] After failing to reply to the notice, Defendant sent Cabanilla a notice of final decision to suspend him for twelve calendar days *without pay*.[71] The notice advises Cabanilla that "[t]his kind of behavior cannot be tolerated," and that "[t]his suspension will become a permanent part of [Cabanilla's] official personnel folder (OFP)."[72] Furthermore, it also advised Cabanilla that future misconduct "could result in more severe disciplinary action up to and including removal from Federal service."[73]

64. Although Plaintiff does not allege this in the pleadings, if he is attempting to claim his transfer to another zone at work is an adverse employment act, courts have held that a mere transfer alone, with no significant change in responsibilities, is not an adverse employment action in discrimination cases. *McFall v. Gonzales*, 143 Fed.Appx. 604, 608 (5th Cir. 2005) ("[w]ell-established Fifth Circuit law has directed that a purely lateral transfer cannot be considered an adverse employment action within the meaning of Title VII"); *McNealy v. Emerson Elec. Co.*, 121 Fed.Appx. 29, 33 (5th Cir.2005) (holding that an adverse employment action must be a tangible action constituting a significant change in employment status such as hiring, firing, failing to promote, etc); *Holmes v. Drug Enforcement Admin.*, 512 F.Supp.2d 826, 841 (W.D.Tex. 2007) (noting in an age discrimination case that "the clear trend of authority is to hold that a purely lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action.").

65. Pl.Compl., at 4.

66. *Id.*

67. However, Cabanilla only filled out contact information, initialed the form acknowledging his rights, and wrote that he had been advised by Mark Garcia that he was suspected of simple assault. Def. Resp., Ex. 5.

68. Pl. Compl., at 4.

69. Def. Mot. to Dismiss, Ex. 6; Pl. Compl., at 5.

70. Def. Mot. to Dismiss, Ex. 7. Supervisor Kirkwood signed and dated the Notice. However, the Court observes that the date November 17, 2006, also appears on the Notice (on the first page). Whether the date was November 17, 2006, or November 22, 2006, it is clear to the Court that Defendant began to take remedial action after the assault occurred.

71. Def. Mot. to Dismiss, Ex. 8. Cabanilla was suspended from January 22, 2007 to February 2, 2007.

72. Def. Mot. to Dismiss, Ex. 8.

73. *Id.*

Plaintiff does not dispute any of this evidence in the Response. Nor does he provide additional evidence to establish his claims. Rather, Plaintiff asserts he was assaulted by Cabanilla, no disciplinary action was taken against him by Defendant, and Plaintiff was "forced" to transfer to another work area.[74] The Court has already addressed these arguments above. Because Plaintiff does not establish a *prima facie* case of discrimination, the Court grants summary judgment as to this claim.

*Retaliation Due to Plaintiff's Prior Participation in the EEO Process*

■ To make a *prima facie* case for retaliation, a plaintiff must establish three elements: (1) the employee engaged in protected activity under Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action.[75] An employee has engaged in protected activity under Title VII if he (1) opposes any practice made an unlawful practice by Title VII, or (2) makes a charge, testifies, assists, or participates in any manner in an investigation, proceeding, or hearing under Title VII.[76]

While it is undisputed that Plaintiff engaged in protected activity, there is insufficient evidence to suggest that the alleged adverse employment action was connected to such activity. Plaintiff's pro-

tected activity includes his participation as a witness in an EEO hearing against Supervisor Kirkwood. However, other than making a broad assertion that Defendant retaliated against Plaintiff, Plaintiff provides no facts to suggest retaliatory actions were taken against him.[77] It appears to the Court that Plaintiff is arguing Defendant's alleged failure to take remedial action against Cabanilla was done to retaliate against Plaintiff for participating in the EEO hearing. The Court finds no merit to this argument and Plaintiff has not provided evidence to support it.

To survive Defendant's Motion for Summary Judgment, Plaintiff must establish a genuine issue of material fact.[78] Plaintiff must come forward with "specific facts showing that there is a *genuine issue for trial*."[79] Plaintiff has not met his burden. Because Plaintiff has failed to establish a *prima facie* retaliation claim, the Court grants summary judgment as to this claim.

*Hostile Work Environment*

■ To state a hostile work environment claim under Title VII, a plaintiff must prove: (1) he is a member of a protected class; (2) the harassment was unwelcome; (3) he was subjected to the harassment because of his race; (4) the harassment affected a term, condition, or privilege of employment; and (5) Defendant knew or should have known of the

---

74. Pl. Resp., at 7.

75. 42 U.S.C. § 2000e–3(a); *Septimus v. Univ. of Houston*, 399 F.3d 601, 610 (5th Cir.2005).

76. 42 U.S.C. § 2000e–3(a).

77. In the Complaint, Plaintiff states he was "held to stricter standards of performance, and denied benefits of employment because of his opposition to unlawful employment discrimination practices." Pl. Compl., at 8. He provides no examples or specific instances of such treatment. In fact, he mentions no facts in the Response to Defendant's Motion with regard to the retaliation claim, other than his claim that he engaged in protected activity.

78. Fed.R.Civ.P. 56(e).

79. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

harassment and failed to take prompt remedial action.[80]

Plaintiff makes conclusory statements that he was treated dissimilarly, not properly supervised, held to stricter standards of performance, and denied benefits accorded to other employees. However, Plaintiff provides no additional facts or specific instances of this alleged mistreatment. Such allegations do not provide the Court with enough factual information to allow Plaintiff's hostile work environment claim to survive. Plaintiff further states in the Response that Defendant was aware Cabanilla "had previously assaulted two (2) other co-employees within a year's time frame of assaulting [Plaintiff] and failed to take remedial action to protect Plaintiff from a hostile work environment."[81]

First, the Court observes that neither employee filed an EEO Complaint and neither alleges in their respective affidavits that the assaults by Cabanilla were racially motivated or acts of discrimination by Defendant. Second, there is insufficient evidence to support the claim that the alleged failure of Defendant to take disciplinary action after the employees were assaulted, created unwelcome harassment *based on Plaintiff's race or national origin*. While assault by Cabanilla surely constitutes unwelcome harassment, there is no evidence it was caused by Defendant's racial motivations. Therefore, the Court will grant summary judgment as to Plaintiff's hostile work environment claim.

## III. Plaintiff's Worker's Compensation Claim

Plaintiff's EEO Complaint mentions nothing about the denial of medical and wage benefits by the Department of Labor as a result of Supervisor Kirkland's failure to process his worker's compensation claim, which he alleges in the Complaint. Accordingly, the Court cannot dispose of this claim because Plaintiff failed to exhaust his administrative remedies.[82]

Furthermore, this claim must be dismissed because it is barred by the Federal Employees' Compensation Act (FECA), which provides that the Secretary of Labor has the power to administer and decide *all* questions under FECA, rendering a *final and conclusive* decision *not subject to review by a court of law*.[83] Plaintiff does not mention the Worker's Compensation Claim in the Response; nor does he dispute Defendant's argument. Accordingly, the Court grants summary judgment as to this claim.

## CONCLUSION

For the foregoing reasons, the Court believes Plaintiff has failed to meet his burden of establishing subject matter jurisdiction, or establishing a *prima facie* case for his Title VII discrimination, retaliation, and hostile work environment claims. Accordingly, the Court is of the

**80.** *EEOC v. Nexion Health at Broadway, Inc.,* 199 Fed.Appx. 351, 352 (5th Cir.2006) (citing *Frank v. Xerox Corp.,* 347 F.3d 130, 138 (5th Cir.2003)).

**81.** Pl. Resp., at 8.

**82.** *Robinson v. Rubin,* 77 F.Supp.2d 784, 792 (S.D.Tex.1999) (the scope of a Title VII suit may extend to "as far as, but no further than,

the scope of the EEOC investigation which could reasonably grow out of the administrative charge"); *see also Carter v. Snow,* 2007 U.S. Dist. LEXIS 54226, at *17, 2007 WL 2156618, *3 (S.D.Tex. July 26, 2007).

**83.** *White v. United States,* 143 F.3d 232, 235 (5th Cir.1998).

opinion Defendant's Motion for Summary Judgment (Docket No. 5) is GRANTED. It is so ORDERED.